(No. 1910—

CHARLES L. MARKHAM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1934.*

R. D. ROBINSON AND BURRELL BARASH, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant asks to recover for personal injuries and property damages arising by reason of a collision of claimant's automobile with a barricade erected on State highway between the City of Galesburg and the City of Wataga, such barricade having been erected by State Highway employees in connection with repair work on such highway, on or about the 5th day of October, A. D. 1927. Claimant charges that the State, through its agents and servants, failed to place a light or signal at the barricade to warn the users of the highway of such obstruction, and that through such wrongful and negligent failure of such State employees, the highway was left, during the night-time, in bad and unsafe condition, and that claimant unavoidably ran into such barricade, although exercising due care and diligence, and was thereby seriously injured, being compelled to expend $50.00 in being cured of his injuries, and his automobile was damaged, necessitating the expenditure of $50.00 for repairs. Claimant has attached a Bill of Particulars, in which he states his claim as follows:

| | |
|---|---|
| Loss of time, five months at $120.00 per month | $ 600.00 |
| Damage to automobile | 27.90 |
| Doctor's bill | 20.50 |
| Injury to arm and pain and suffering | 2,000.00 |
| Total | $2,648.40 |

Respondent has filed a motion to dismiss, basing same upon the averment that the claim is within the rule that the State, in the construction and maintenance of its highways, is not liable for injuries occurring through the error, fault or negligence of its employees. From the files it is indicated that there would be complicating proof as to the charge that no lighted lanterns had been placed at the barricades on the night in question, but regardless of this fact, the motion of the Attorney General is properly pleaded, and as has been stated in *Morrissey* vs. *State*, 2 C. C. R., 454; *Minear* vs. *State Board* etc., 259 Ill. 549, and *Bucholz* vs. *State*, 7 C. C. R., 241:

"In the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise thereof it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its offices or agents in the absence of a Statute creating such liability."

The Legislature of Illinois has not seen fit to pass any legislation creating liability upon the part of the State in such cases, and the court is of the opinion that no basis exists for an award by it upon the claim stated.

The motion by the Attorney General to dismiss the claim is therefore allowed. Claim dismissed.